IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Berchtold Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:05-571-18 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| Daniel O'Keefe, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I.   BACKGROUND

This matter is before the court on plaintiff's motion to strike defendant's answer, for default judgment and to dismiss defendant's counterclaim. Plaintiff Berchtold Corporation is a Charleston-based manufacturer of operating room equipment which employs sales representatives across the country. Defendant Daniel O'Keefe served as plaintiff's sales representative in the Los Angeles area from August 2002 until January 14, 2005. Defendant resigned in January 2005 to distribute the products of Skytron, a competitor of plaintiff's. Plaintiff alleges that defendant used proprietary information of Berchtold to advance Skytron's interests prior to his resignation. On February 14, 2005, plaintiff brought suit against defendant, alleging breach of contract, violation of the Trade Secrets Act, violation of the South Carolina Unfair Trade Practices Act, and interference with prospective contractual relations. Defendant was served with the complaint on February 19, 2005,[1] and removed the case to this court on February 23, 2005. Upon

---

[1] Prior to removal, the state court issued a TRO ordering defendant to return all trade secret information. Defendant received the TRO the same day as service of the complaint, on February 19.

removal, defendant's answer was due within twenty days of service of the complaint (by March 11). (Fed. R. Civ. P. 81.)  Apparently, defendant's out-of-state counsel forgot to change her calendar, and thought the answer was due thirty days after service, i.e., on March 21. (S.C. R. Civ. P. 12(a)).  When defendant failed to answer by March 11, plaintiff's counsel called defendant's local counsel, who in turn notified out-of-state counsel of the error.  Defendant ultimately filed the answer on March 15 - four days late.  The answer includes counterclaims for violations of the California Business and Professions Code, breach of contract, and violations of the South Carolina Wage Payment Act.  Generally, defendant alleges that plaintiff failed to pay him commissions which were due, and violated California law regarding non-compete agreements.

On March 29, plaintiff filed a motion to strike the answer as untimely, for entry of default judgment, and to dismiss the defendant's counterclaims.  Both parties have filed several memorandums in response.

**II.     ANALYSIS**

Plaintiff requests that (1) the answer be struck as untimely, (2) the clerk enter default and (3) the court order a default judgment and dismiss defendant's counterclaims.  The court need only address the first issue.  "A motion to strike may be granted or denied within the sound discretion of the district court."  Isbell v. Ryan, 200 F. Supp. 2d 957, 959 (C.D. Ill. 2002).  Since the answer was filed only four days late, and counsel took prompt action when told of the oversight, the court declines to strike it.  Considering the answer as timely, the motions for entry of default, default judgment, and to dismiss the counterclaims are moot.

Even if the clerk had made an entry of default, the court has the discretion and ample justification to set it aside. Fed. R. Civ. P. 55(c) permits the court to set aside an entry of default "for good cause shown." This court has referenced six factors to determine whether "good cause" exists under 55(c):

> (1) the promptness of the defaulting party [in response to the entry of default], (2) the presence or absence of a meritorious defense, (3) whether the party or counsel bears the responsibility for the default; (4) the prejudice that would result to the innocent party, (5) whether the defaulting party has a history of dilatory conduct, and (6) the availability of sanctions less drastic.

Colleton Preparatory Academy, Inc. v. Beazer East, Inc., 223 F.R.D. 401, 405-06 (D.S.C. 2004) (citing Palmetto Fed. Savings Bank v. Indus.Valley Title Ins., 756 F. Supp. 925, 932 (D.S.C. 1991)). The court should apply these factors more leniently than when the action is under Rule 60 (for relief from judgment), and with an eye open "towards the preference for meritorious resolutions of disputes." Colleton Preparatory, 223 F.R.D. at 406. The decision to set aside an entry of default is "committed to the sound discretion of the trial court and should only be disturbed upon a finding of an abuse of discretion." Id. at 405.

The Palmetto Federal factors suggest the court should set aside any entry of default made in this case. Plaintiff was prompt in replying to the motion for entry of default; the motion in opposition was filed two days after plaintiff's motion. Defendant likely has a meritorious defense; defendant maintains that the information taken was neither confidential nor a trade secret. According to defendant, the information is either publically available, common knowledge within the industry, and/or personal relationships which the defendant has established.

Defendant's counsel bears the responsibility for the delay. She has admitted that her calendaring error caused the late filing. Despite the oversight, counsel promptly filed an answer four days after the deadline. In discussing this "responsibility" factor in the context of a motion to set aside a default judgment, the Fourth Circuit noted that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." U.S. v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). Judge Hawkins applied the Moradi rationale to the motion to set aside an entry of default in Palmetto Savings. In the present case, defendant is blameless for the late filing.

Plaintiff contends that defendant has demonstrated a pattern of delay by not complying with the terms of the state TRO, and that delay has resulted in continued prejudice because defendant maintains access to the disputed information. The TRO required the return of all "confidential" material in defendant's possession. Apparently, part of the delay was due to the fact that the documents were located in the Pennsylvania office of defendant's counsel's firm, but defendant's counsel worked out of the Michigan office. However, since all documents were returned on April 6, there appears to be little chance of continued prejudice to plaintiff.

Finally, less drastic sanctions are likely available. Defendant's four day delay does not warrant an entry of default, and certainly does not the justify the "drastic" remedy of default judgment.

An entry of default is a prerequisite to the issuance of a default judgment. See Fed. R. Civ. P. 55(a) and (b); 10A Wright & Miller, Federal Practice and Procedure

§2583 (2005); <u>Dahl v. Kanawha Inv</u>., 161 F.R.D. 673, 683 (N.D. Iowa 1995) (noting Rule 55 requires two steps before judgment by default). Since plaintiff could not acquire an entry of default, the motion for default judgment is moot.

### III.     CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that plaintiff's motion to strike defendant's answer, for default judgment, and to dismiss defendant's counterclaims, are **DENIED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 2, 2005**
**Charleston, South Carolina**